Singh v. Lynch

BIA
Christensen, IJ
A200 812 419

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 20th day of September, two thousand sixteen.

PRESENT:
> JOSÉ A. CABRANES,
> DEBRA ANN LIVINGSTON,
> SUSAN L. CARNEY,
> *Circuit Judges.*

_____

JASPREET SINGH,
> *Petitioner,*

v.                                                          15-1107
                                                            NAC

LORETTA E. LYNCH, UNITED STATES
ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:        Amy Nussbaum Gell, New York, New York.

FOR RESPONDENT:        Benjamin C. Mizer, Principal Deputy Assistant Attorney General; Mary Jane Candaux, Assistant Director; Michael C. Heyse, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Jaspreet Singh, a native and citizen of India, seeks review of a March 11, 2015 decision of the BIA, affirming a November 14, 2012 decision of an Immigration Judge ("IJ") denying Singh's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Jaspreet Singh,* No. A200 812 419 (B.I.A. Mar. 11, 2015), *aff'g* No. A200 812 419 (Immig. Ct. N.Y. City Nov. 14, 2012). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we consider both the IJ's and the BIA's opinions "for the sake of completeness." *Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006). The applicable standards of review are well established. 8 U.S.C. § 1252(b)(4)(B); *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 165-66 (2d Cir. 2008).

The agency may, "[c]onsidering the totality of the circumstances," base a credibility finding on inconsistencies in an asylum applicant's statements and other record evidence

2

"without regard to whether" they go "to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 163-64. Substantial evidence supports the agency's adverse credibility determination, which was primarily based on inconsistencies between Singh's testimony and his earlier sworn statements to an asylum officer during a credible fear interview.

As an initial matter, the agency reasonably found the record of Singh's credible fear interview reliable. *See Ming Zhang v. Holder*, 585 F.3d 715, 725 (2d Cir. 2009) ("Where the record of a credible fear interview displays the hallmarks of reliability, it appropriately can be considered in assessing an alien's credibility."). During the interview, Singh was provided an interpreter. An asylum officer memorialized the interview in typewritten question and answer format. And the answers recorded demonstrate that Singh understood the questions posed.

The inconsistencies between Singh's credible fear interview and hearing testimony provide substantial support for the adverse credibility determination. Singh's testimony conflicted with his statements during his credible fear interview regarding whether (1) members of the Shiromani Akali

3

Dal Party or the Congress Party attacked him in India, (2) he was beaten or escaped being beaten during a January 2010 incident, (3) his brother was severely attacked and hospitalized or never harmed, and (4) he feared living in the Punjab or all of India. *See Xiu Xia Lin*, 534 F.3d at 165-67. The IJ reasonably concluded that Singh's nervousness during his credible fear interview did not provide a compelling explanation for his numerous inconsistent sworn statements. *See Ming Zhang*, 585 F.3d at 722; *see also Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005).

Having questioned Singh's credibility, the IJ reasonably relied further on Singh's failure to provide certain corroborating evidence that might rehabilitate his testimony. *See Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007). Nor did the IJ abuse his discretion in denying Singh's request for a continuance to obtain corroborating statements from his mother and brother because Singh had more than two years to obtain such statements and he already had received and submitted documentary evidence obtained and mailed by his brother. *See Morgan v. Gonzales*, 445 F.3d 549, 551-52 (2d Cir. 2006); *see also Xiu Xia Lin*, 534 F.3d at 167-68.

These inconsistencies and lack of corroboration constitute

4

substantial evidence supporting the agency's adverse credibility determination. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *see also Xiu Xia Lin*, 534 F.3d at 165-68. That determination is dispositive of Singh's claims for asylum, withholding of removal, and CAT relief, because all three claims are based on the same factual predicate. *See Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

5